UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARTINUS SHAMAR WATTS,<br><br>    Defendant. | CRIMINAL NO. 5:19-CR-154-KKC-EBA-1<br>CIVIL NO. 5:23-CV-150-KKC-EBA<br><br><br>**OPINION AND ORDER** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on Defendant Martinus Shamar Watts' Motion to Vacate under 28 U.S.C. § 2255 (DE 198) and Magistrate Judge Edward B. Atkins' Report and Recommendation regarding the defendant's motion. (DE 216.) Having reviewed the Magistrate's recommendations and the defendant's objection to them, the Court will deny the motion to vacate for the following reasons.

**I.  Background**

The defendant was found to have participated in a conspiracy to distribute fentanyl in Fayette County, Kentucky from March 2019 through September 2019. After one of his customers overdosed and subsequently informed law enforcement about the defendant's activities, the defendant was arrested during a traffic stop. While police prepared to execute a search warrant of the defendant's home, they observed co-defendant Richard Nickerson enter the home and promptly leave with a black and white plastic bag. Officers quickly conducted a traffic stop on Nickerson's vehicle and discovered that the plastic bag contained $67,150 in U.S. dollars and 18 ounces of marijuana. The defendant later admitted that the

seized money was the proceeds of the underlying drug trafficking scheme and that the marijuana was intended for distribution.

In August 2020, the defendant pleaded guilty to conspiring to distribute 40 grams or more of fentanyl (Count 1) and distributing fentanyl resulting in serious bodily injury (Count 2). (DE 91 at 1.) In March 2021, however, the defendant filed a *pro se* motion to withdraw his guilty plea and argued that he had not understood the charges to which he pleaded guilty. (DE 135.) Specifically, he claimed that he did not understand the elements of Count 2 and that his counsel failed to adequately explain how the sentencing guidelines would affect his sentence. The defendant's then-appointed counsel, Jarrod Beck, was relieved of all responsibility as CJA counsel in the matter and Pamela Perlman was appointed in his stead. The Court then held a hearing on the defendant's motion.

On April 12, 2021, the Court denied the defendant's motion to withdraw his guilty plea after hearing arguments on the merits. (DE 147.) In doing so, it found that the defendant's guilty plea was knowingly and voluntarily made based on the facts that he had admitted in the plea agreement, that the plea agreement was clear and outlined the charges in an uncomplicated manner, and, further, that during the plea hearing, the defendant affirmed that he understood the nature of the charges and consequences of his plea. The Court then sentenced the defendant to 240-months imprisonment pursuant to the Controlled Substances Act, 21 U.S.C. § 841(a)(1). (DE 162.) The defendant appealed the Court's denial of his motion, but the Sixth Circuit affirmed the decision.

Now, the defendant moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and alleges that he received ineffective assistance of counsel. (DE 198.) He argues that: (1) he was deprived of adequate representation when his counsel failed to provide an explanation of the holding of *Burrage v. United States*, 571 U.S. 204 (2014), during plea negotiations; (2) he was deprived of adequate representation at sentencing because his

counsel adopted his *pro se* motion to withdraw his guilty plea despite allegedly containing numerous errors of law and facts; and (3) the underlying case should have proceeded in Kentucky state court, not federal court. (*Id.* at 6-7, 10.)

The Magistrate found that each of the defendant's arguments were unpersuasive and filed a recommendation that the Court deny his § 2255 motion. (DE 216.) The defendant filed an objection to the Magistrate's recommendations, arguing only that he is entitled to an evidentiary hearing regarding his counsel's explanation of the *Burrage* standard. (DE 217.) Because the defendant only objects to this particular issue of the Magistrate's recommendations, the Court will address this issue alone.

**II.     Analysis**

    **A.     Evidentiary Hearing**

The defendant's objection argues that he is entitled to an evidentiary hearing on his claim of ineffective assistance of counsel. Specifically, the defendant argues that there are conflicts of fact regarding whether his counsel, Attorney Jarrod Beck, informed him of the *Burrage* causation standard during plea negotiations.[1] He claims that these conflicts of facts create a "credibility battle" that must be resolved at an evidentiary hearing pursuant to Sixth Circuit case law.

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (citing *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (quotation marks omitted). "[T]he burden on the petitioner in a *habeas* case for establishing an entitlement to an evidentiary hearing is relatively light." *Id.* Yet

---

[1] In *Burrage v. United States*, the Supreme Court held that "where the use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of [the Controlled Substances Act], 21 U.S.C. § 841(b)(1)(C), unless such use is a but-for cause of the death or injury." 571 U.S. 204, 218-19 (2014).

3

more is required than mere assertions of innocence and "[a]n evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Id.* (citing *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "Stated another way, no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (quotation marks omitted). Nevertheless, "[t]he defendant's burden to show his right to a hearing is significantly lower than his burden to show he is entitled to § 2255 relief." *Id.* at 334.

In any case, the defendant is not entitled to an evidentiary hearing because the record conclusively shows that he is entitled to no relief. To successfully assert an ineffective assistance of counsel claim, as the defendant presents here, he must show two essential elements: (1) deficient performance by counsel; and (2) how "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Reviewing courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id.* at 689. But "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

The Magistrate explains that whether Beck informed the defendant of the *Burrage* standard is ultimately irrelevant because the defendant is unable to show that he was prejudiced by Beck's alleged deficiencies. A defendant can show prejudice by demonstrating a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). As the Magistrate points out, this test has several components: (1) the defendant must demonstrate

4

that going to trial would have been rational under the circumstances of his case; and (2) the defendant must point to evidence contemporaneous with his plea showing it's reasonably likely he would have taken that route. *United States v. Singh*, 95 F.4th 1028, 1033 (6th Cir. 2024) (quotation marks omitted). "Only in unusual circumstances will a defendant who conceded guilty at the plea stage be able to meet this high bar." *Id.* (citation omitted).

The defendant's primary argument is that if Beck had informed him of the *Burrage* standard, he would have chosen to proceed to trial. Yet the defendant himself admitted that he only attempted to withdraw his guilty plea *after* learning that the Government sought an enhanced sentence. (DE 198 at 8.) This admission signals that the defendant's dissatisfaction with his guilty plea came after he learned of the recommended sentence in the Presentence Report, not before taking the plea itself. Further, the Magistrate correctly notes that the defendant avoided a mandatory sixty-month concurrent sentence "and, potentially, up to an additional twenty-year sentence" by pleading guilty. (DE 216 at 10.) Because he pleaded guilty, the Government recommended a two-level reduction for acceptance of responsibility and one level based on the defendant's timely notice of the intent to plead guilty. (*Id.*) The defendant also knew at the time he pleaded guilty that his co-defendant had agreed to testify against him at trial.

The defendant argues that the Court should disregard all of the previously stated reasons because a defendant almost always faces greater potential penalties by choosing to proceed to trial. However, the question is whether going to trial would have been rational under the circumstances. This is the type of objective standard that this Court analyzes often. These circumstances clearly show that a rational person would not have proceeded to trial— which is exactly what the defendant chose to do by pleading guilty. The record shows that the defendant only appeared dissatisfied with his guilty plea after learning about the recommended sentence in the Presentence Report. Further, while the potential penalties

5

following trial can be harsher than those following a guilty plea, the penalties that the defendant was facing with trial were particularly harsh. The record supports the argument that it would not have been rational for the defendant to proceed to trial under these circumstances. Because the defendant cannot prove prejudice in support of his ineffective assistance of counsel claim, he is entitled to no relief and no evidentiary hearing on whether he was informed of the *Burrage* standard is necessary.

### B. Appointment of Counsel

Because the defendant is not entitled to an evidentiary hearing and did not state objections to the remainder of the Magistrate's recommendations, the Court will not appoint counsel to represent the defendant in this matter.

### III. Conclusion

For the aforementioned reasons, the Court hereby ORDERS as follows:

1. the defendant's Objection to the Report and Recommendation (DE 217) is OVERRULED;

2. the Magistrate's Report and Recommendation (DE 216) is ADOPTED as the Court's opinion;

3. the defendant's Motion to Vacate under 28 U.S.C. § 2255 (DE 198) is DENIED;

4. a Certificate of Appealability will not be issued in this matter, the defendant having failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); and

5. a judgment consistent with this order and the Magistrate's recommendation will be entered.

This 10th day of December, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY